1  DAN SIEGEL, SBN 56400
   JOSE LUIS FUENTES, SBN 192236
2  SIEGEL & YEE
3  499 14th Street, Suite 220
   Oakland, CA  94612
4  Telephone: (510) 839-1200
   Facsimile: (510) 444-6698
5
6  Attorneys for Plaintiff
   UTHA HELLMANN-BLUMBERG

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UTHA HELLMANN-BLUMBERG, | Case No. |
| Plaintiff, | **VERIFIED COMPLAINT FOR EMPLOYMENT DISCRIMINATION** |
| vs. | |
| UNIVERSITY OF THE PACIFIC, a California Corporation, | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiff UTHA HELLMANN-BLUMBERG complains against defendant UNIVERSITY OF THE PACIFIC ("UOP"), a California Corporation, as follows:

## JURISDICTION

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 United States Code §§ 2000e through 2000e-17, as amended, and in particular § 2000e-2(a), as hereinafter more fully appears, the California Fair Employment and Housing Act (FEHA), California Government Code §§ 12940 *et seq.*, 12965(d) (1), and statutory and common law of the State of California.

2. This Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §1331 (in that it arises under the Constitution of the United States) and §1343 (in that it is brought to recover damages under any Act of Congress providing for the protection of civil rights).

3. The Court has supplemental jurisdiction over plaintiff's state claims under 28 U.S.C. § 1367(a).

## VENUE

4. Venue is proper in the United State District Court for the Eastern District of California under 28 U.S.C. §1391(b). Defendant is located in the Eastern District and all of the acts and/or omissions complained of herein have occurred or will occur in this District.

## PARTIES

5. Plaintiff HELLMANN-BLUMBERG is a citizen of the State of California, and was residing in San Joaquin County, California, until 2008.

6. Defendant UOP was and is a California corporation that owns and operates a university in the County of San Joaquin.

## STATEMENT OF CLAIM

7. UOP employed HELLMANN-BLUMBERG as Assistant Professor (tenure track) in its Department of Chemistry from May 9, 2001, until they discharged her. Exhibit A, Employment Contract, hereby incorporated by reference. **Exhibit A.**

8. UOP modified its employment contract with HELLMANN-BLUMBERG by postponing from 2005-2006 to 2006-2007 her review for tenure and promotion. **Exhibit B.**

9. The President of UOP holds the authority to grant promotion and make appointment with tenure if UOP's standards for promotion and appointment with tenure have been satisfied.

10. HELLMANN-BLUMBERG satisfactorily performed her work duties while meeting the standards for promotion and appointment with tenure for her position at UOP.

11. HELLMANN-BLUMBERG's gender is female.

12. During the 2006-2007 academic year, HELLMANN-BLUMBERG sought promotion and appointment with tenure in the Department of Chemistry. Prior to the 2006-2007 academic year, no female faculty had been granted tenure in the Department of Chemistry through the tenure evaluation process.

13. By October 2006, the Department of Chemistry Unit Evaluation Committee had recommended promotion and tenure for HELLMANN-BLUMBERG, and the Faculty had voted in favor of promotion and tenure.

14. On October 29, 2006, the Chemistry Department Chair recommended promotion and tenure for HELLMANN-BLUMBERG.

15. By April 2007, the University Promotion and Tenure Committee recommended promotion and tenure for HELLMANN-BLUMBERG because she satisfied the standards for promotion and appointment with tenure.

16. In a letter dated April 15, 2007, Donald DeRosa, President of UOP, denied tenure and promotion to HELLMANN-BLUMBERG, based in part on her gender. DeRosa had failed to implement an adequate system to regulate, monitor, and eliminate discriminatory gender practices at UOP. UOP's policy and practice on evaluation for tenure lacked the necessary clarity and consistency to provide meaningful guidance for the promotion and tenure process. The absence of authoritative written guidelines has allowed the policy and practice to shift according to the predilections of individual UOP staff involved in the promotion and tenure process. DeRosa allowed stereotypical views about women to influence the promotion and tenure process. Provost Philip N. Gilbertson, who reported promotion and tenure decisions of DeRosa, acknowledged that UOP promoted and tenured almost everybody, but among those who are not promoted and tenured, women are grossly overrepresented. This is particularly true in certain departments such as chemistry. UOP's discriminatory gender practice has been open, acknowledged, tolerated, and sometimes expressly approved. Provost Gilbertson acknowledged that UOP has institutional sexism. Finally, DeRosa had abdicated his duty to supervise and monitor the promotion and tenure process to his subordinates, as well as ratified and permitted a practice of gender discrimination to develop and persist at UOP.

17. On August 31, 2008, UOP terminated HELLMANN-BLUMBERG's employment.

*Hellmann-Blumberg v. UOP*, Case No.
Complaint-4

18. On January 30, 2009, the Faculty Grievance Committee of UOP determined that the process used to evaluate HELLMANN-BLUMBERG was not conducted fairly and recommended that HELLMANN-BLUMBERG be awarded tenure and promotion to associate professor.

19. At the time of her termination, HELLMANN-BLUMBERG was able to perform the essential functions of a tenured faculty member and associate professor in the Department of Chemistry at UOP.

20. HELLMANN-BLUMBERG met or exceeded the requirements under UOP standards for promotion to the rank of associate professor with tenure and for retention in employment. UOP promoted to associate professor and retained in employment HELLMANN-BLUMBERG's male colleagues with similar or inferior qualifications. UOP held HELLMANN-BLUMBERG to a higher standard in the promotion and tenure evaluation than her male colleagues.

21. On December 5, 2007, HELLMANN-BLUMBERG filed a charge of sex discrimination against UOP with the United States Equal Employment Opportunity Commission (EEOC), and the California Department of Fair Employment & Housing (DFEH).

22. On November 15, 2011, the United States Department of Justice issued HELLMANN-BLUMBERG a Notice of Right to Sue within 90 days of HELLMANN-BLUMBERG's receipt of said notice with respect to the complaint filed herein.  DFEH also issued a right to sue letter.

**FIRST CLAIM FOR RELIEF—DISCRIMINATION ON THE BASIS OF SEX—FEMALE
(42 U.S.C., § 2000e-2(a))**

23. BLUMBERG realleges and fully incorporates herein paragraphs 1-22

above.

24. By virtue of the foregoing, defendant wrongfully refused to promote and grant tenure and terminated HELLMANN-BLUMBERG on the basis of her sex-female- in violation of Title VII of the Civil Rights Act of 1964, as amended.

## SECOND CLAIM FOR RELIEF— DISCRIMINATION ON THE BASIS OF SEX AND GENDER
### (California Government Code § 12940 *et seq*.)

25. Plaintiff HELLMANN-BLUMBERG realleges and fully incorporates herein paragraphs 1-24 above.

26. In taking the actions described above, UOP discriminated against HELLMANN-BLUMBERG on the basis of her sex and female gender.

## THIRD CLAIM FOR RELIEF— FAILURE TO PREVENT DISCRIMINATION
### (California Government Code § 12940 (k))

27. Plaintiff HELLMANN-BLUMBERG realleges and fully incorporates herein paragraphs 1-26 above.

28. By virtue of the foregoing, UOP has failed to provide HELLMANN-BLUMBERG with a workplace environment free of discrimination

## FOURTH CLAIM FOR RELIEF—BREACH OF CONTRACT

29. Plaintiff HELLMANN-BLUMBERG realleges and fully incorporates herein paragraphs 1-28 above.

30. HELLMANN-BLUMBERG performed all the things to be performed by her as required by the terms and conditions of the employment agreement, except for those things that have been excused by the acts, conduct, breaches, and omissions of UOP. UOP breached the employment agreement, as hereinabove set forth, by among other things, failing to promote and grant tenure as recommended by the Department of

Chemistry Unit Evaluation Committee, Faculty, Chemistry Department Chair, University Promotion and Tenure Committee, and Faculty Grievance Committee.

31. HELLMANN-BLUMBERG was deprived of the rights to promotion and appointment with tenure in the Department of Chemistry, including, but not limited to, the associated rights to salary increases, sabbatical semester, tuition remission for her dependents, continued employment, and engagement in related activities to advance her career in her chosen field.

32. UOP's actions have harmed HELLMANN-BLUMBERG, not only by depriving her of the opportunity to perform the services for which she was hired, but also by damaging her reputation and diminishing her career opportunities and prospects for professional advancement.

33. As a result of defendant's breach of contract, HELLMANN-BLUMBERG has suffered and will continue to suffer damages and pecuniary loss. The exact amount of damages and costs suffered by HELLMANN-BLUMBERG has yet to be ascertained.

**FIFTH CLAIM FOR RELIEF-
BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

34. Plaintiff HELLMANN-BLUMBERG realleges and fully incorporates herein paragraphs 1-33 above.

35. As a result of the contractual employment relationship which existed between HELLMANN-BLUMBERG and UOP, through expressed and implied promises, defendant made covenants that it would act in good faith and deal fairly with plaintiff and that it would do nothing to deprive plaintiff of the benefits of the agreement.

36. UOP and its agents and employees intentionally and purposefully breached the implied duty of good faith and fair dealing by acting and failing to act as

alleged herein, including, but not limited to, depriving HELLMANN-BLUMBERG of a promotion and tenure as recommended by the Department of Chemistry Unit Evaluation Committee, Faculty, Chemistry Department Chair, University Promotion and Tenure Committee, and Faculty Grievance Committee due to discrimination. UOP also breached the implied covenant of good faith and fair dealing by holding HELLMANN-BLUMBERG to a higher standard than her male colleagues.

## DAMAGES

37. As a result of the actions of defendant, plaintiff HELLMANN-BLUMBERG has been injured and has suffered damages as follows:

   a. She has lost compensation to which she has been entitled and will lose such compensation in the future;

   b. She has suffered from emotional distress, embarrassment and humiliation, and has suffered damage to her professional reputation and standing;

   c. Her prospects for future employment and career advancement have been diminished, if not permanently destroyed.

## PUNITIVE DAMAGES

38. In taking the actions alleged above, UOP engaged in discriminatory practices with malice or with reckless indifference to HELLMANN-BLUMBERG's federally and state protected rights to fair and equal treatment under the laws, all without lawful justification and because of plaintiff's sex and gender. One or more officers, directors, or managing agents of defendant acted on behalf of defendant when they engaged in conduct alleged herein constituting malice, oppression, and fraud in order to harm HELLMANN-BLUMBERG and to deprive her of her rights to fair and

equal treatment under the laws, all without lawful justification and because of plaintiff's sex and gender. Accordingly, plaintiff HELLMANN-BLUMBERG is entitled to punitive damages in this action.

WHEREFORE, plaintiff HELLMANN-BLUMBERG requests that this Court grant her relief as follows:

(1) Injunctive relief to HELLMANN-BLUMBERG to require defendant to cease and desist from sex and gender discrimination and to take action, including, but not limited to, reinstating and promoting her to a tenured associate professor in the Department of Chemistry together with all pay, benefits, seniority, and emoluments of that position, and to reevaluate its standards for promotion approval by the dean, provost, and president of UOP to prevent future discrimination or retaliation;

(2) Compensatory damages for past and future lost wages and benefits, in an amount to be determined, including front pay;

(3) Interest, including pre-judgment interest, on damages at the legal rate;

(4) General damages for emotional distress, pain and suffering, in an amount to be determined;

(5) Punitive damages, in an amount to be determined;

(6) Attorneys' fees;

(7) Costs of suit; and

(8) Such other and further relief as the Court may deem proper.

*Hellmann-Blumberg v. UOP*, Case No.
Complaint-9

Plaintiff HELLMANN-BLUMBERG hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: February 1, 2012

                                  SIEGEL & YEE


                              By: /s/ Jose Luis Fuentes
                                  Jose Luis Fuentes

                              Attorneys for Plaintiff
                              UTHA HELLMANN-BLUMBERG

## VERIFICATION

I, UTHA HELLMANN-BLUMBERG, declare as follows:

I am the plaintiff in the above-entitled case. I have read the foregoing VERIFIED COMPLAINT FOR EMPLOYMENT DISCRIMINATION and know the contents thereof. The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and is therefore provided as required by law. The information contained in the foregoing document is true, except as to the matters which were provided by my attorneys or other agents, and, as to those matters, I am informed and believe that they are true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the 1st day of February, 2012, at Davis, California.

*[signature]*

UTHA HELLMANN-BLUMBERG

*Hellmann-Blumberg v. UOP*, Case No.

# EXHIBIT A



**University of the Pacific**
SAN FRANCISCO
STOCKTON
SACRAMENTO CALIFORNIA

Office of the Provost
University of the Pacific
3601 Pacific Avenue
Stockton, CA 95211
Office: (209) 946-2551
Fax: (209) 946-2063

Provost
Philip N. Gilbertson

May 9, 2001

Dr. Utha Hellmann-Blumberg
1526 Tulane Drive
Davis, California 95616

Dear Dr. Hellmann-Blumberg:

On the recommendation of Dean Robert Benedetti, I am appointing you Assistant Professor (tenure track) in the Department of Chemistry, College of the Pacific, at the University of the Pacific effective fall 2001. Along with President Donald V. DeRosa and Dean Benedetti, I welcome you to the University of the Pacific.

Your agreement to accept this appointment is a commitment to serve the distinctive mission of the University of the Pacific: to provide a superior, student-centered learning environment integrating liberal arts and professional education and preparing individuals for lasting achievement and responsible leadership in their careers and communities.

As you and Dean Benedetti have agreed, your base salary will be $39,000 for the nine-month teaching period, and you will be paid in 12 equal monthly installments starting September 26, 2001. Classes begin Tuesday, August 28, 2001. Since you will be given one year of credit towards promotion and tenure review, you will apply for promotion and tenure during the 2005-06 academic year.

Under Immigration and Naturalization Service regulations, the University requires you to provide proof of citizenship or the legal right to work in the United States for this appointment to be valid. Please complete the enclosed form and present it, along with original or notarized copies of the required documentation, to the Office of Human Resources. This documentation must be presented within three working days of assuming your duties.

New faculty orientation will be held on August 23 and 24, 2001; you will receive more detailed information about the orientation during the summer. At that time you will receive a summary of employee benefits for 2001 and a review of your benefits will be given to you by the Office of Human Resources (Personnel) during the orientation. If you have any questions regarding faculty benefits prior to the orientation, please contact Ed Garrick, Director of Human Resources, at 209-946-2124.

HB EEOC-C 296

Please sign and return a copy of this letter to me to indicate your acceptance of this appointment by May 25, 2001. A return envelope is enclosed for your convenience.

I am extremely pleased that you will soon be an active member of our academic community, and I look forward to working with you.

Sincerely,

*[signature]*

Philip N. Gilbertson
Provost


_____  5-12-01  _____  63  _____  ᴅ459 _____
Signature             Date          Date of Birth   Soc. Sec. No.

*[stamp: RECEIVED 2001 MAY, PROVOST]*

___ Academic Budget Officer
___ Dean
___ Payroll Dept.
___ Human Resources

HB EEOC-C 297

# EXHIBIT B

UNIVERSITY OF THE
PACIFIC

TO: Gary Miller, Dean, College of the Pacific

FROM: Philip N. Gilbertson, Provost

DATE: October 7, 2004

SUBJECT: Tenure and Promotion Review Date for Dr. Hellmann-Blumberg

Philip N. Gilbertson
Provost

Office of the Provost
3601 Pacific Avenue
Stockton, CA 95211
Tel  209.946.2551
Fax  209.946.2063

I have reviewed your memorandum of September 20, 2004 requesting that Dr. Uta Hellmann-Blumberg's review for tenure and promotion be postponed one year from academic year 2005-06 to 2006-07.

Your memorandum and our discussion identified the lack of clarity in her appointment letter of 2001, which would have permitted Dr. Hellmann-Blumberg an opportunity to forfeit one year of credit for prior service toward candidacy.

Upon review of all of the circumstances relating to this appointment, I approve the request that Dr. Hellmann-Blumberg's review for tenure and promotion be postponed for one year, to 2006-07.

cc: Patrick Jones, Chair, Department of Chemistry