1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UTHA HELLMANN-BLUMBERG,

11          Plaintiff,                    No. 2:12-cv-0286 GEB DAD

12      v.

13   UNIVERSITY OF THE PACIFIC, a         ORDER
     California Corporation,
14

15          Defendant.

16   _____/

17          This matter came before the court on December 21, 2012, for hearing of plaintiff's

18   motion to compel discovery.  (Doc. No. 13.)  Attorney Jose Fuentes appeared on behalf of

19   plaintiff Utha Hellmann-Blumberg.  Attorney Linda Adler appeared telephonically on behalf of

20   defendant University of the Pacific.

21          Upon consideration of the parties' arguments as set forth in the joint statement of

22   discovery disagreement filed December 14, 2012 (Doc. No. 17) and at oral argument, IT IS

23   HEREBY ORDERED that plaintiff's November 29, 2012 motion to compel is granted in part

24   /////

25   /////

26   /////

1

1    and denied in part as follows:[1]

2    **I.  Request For Production of Documents Nos. 8, 16, 36, 37, 39, 41, 42, 43, 44, 45 and 51**

3                In these eleven requests plaintiff seeks all responsive documents for the nineteen-

4    year time period of January 1, 1993, to January 1, 2012 of all faculty members employed by

5    defendant, as well as all certain identified individuals, concerning  pre-tenure review,

6    recommendations, promotions, appointments with tenure, etc.  Defendant objects to these

7    requests arguing, in part, that plaintiff is seeking nineteen years worth of discovery for over 200

8    hundred academic departments despite the fact that plaintiff's allegations are limited to events

9    which allegedly occurred in 2007 and 2008 and primarily involve the Chemistry Department at

10   the defendant university.  Defendant contends that courts have generally found five years to be a

11   reasonable time period for discovery purposes in similar actions and has offered to produce all

12   tenure files for tenure decisions from 2002 to 2009 in the departments of Chemistry, Biological

13   Sciences, School of Pharmacy and Health Sciences, and Educational Psychology.  According to

14   defendant, these departments are unique among the other departments of the university in that

15   they all offer doctoral degrees.  Defendant also argues that the pre-tenure review takes place

16   years before the application for tenure and thus is not relevant.  In response, plaintiff argues that

17   defendant is a small university with infrequent tenure hires which therefore justifies the

18   expansive time frame of discovery which plaintiff seeks here.  (Doc. No. 17 at 7-22.)

19               Defendant's position regarding the appropriate temporal scope of discovery in this

20   action is based upon its contention that there is a rule that limits discovery in Title VII actions

21   such as this to the period of five years prior to the plaintiff's termination.  (Doc. No. 17 at 18-19.)

22   In light of this rule, defendant suggests that its agreement to produce files for all tenure decisions

23

24            [1]  Unfortunately, as noted at the December 21, 2012 hearing, the court has found the
     parties' failure to produce a clear and concise joint statement as well as their inability or
25   unwillingness to offer constructive argument with respect to the myriad of discovery issues raised
     by their joint statement, to be unhelpful in resolving the discovery disputes they have placed
26   before the Court.

1  made in the limited number of departments from 2002 through 2009 is reasonable.  However,

2  there is no such strict "five year rule."  See Harris v. Harley-Davidson Motor Co. Operations Inc.,

3  2010 WL 4683776, at *3 (M.D. Pa. Nov. 10, 2010) (in a Title VII action ordering a seven year

4  time period for information to be provide in response to interrogatories after noting cases limiting

5  discovery to up to eight years prior to and up to two years after plaintiff's termination.)  Rather,

6  courts have generally permitted discovery in Title VII cases "for a reasonable time period that

7  predates a plaintiff's claims."  Id.

8          Here, plaintiff was allegedly denied tenure on April 15, 2007 and eventually

9  terminated on August 31, 2008.  Based upon these dates, the Court determines that a reasonable

10  time frame for discovery in this action is April 15, 2000 (seven years prior to plaintiff being

11  denied tenure) through August 31, 2010 (two years after her termination).  Moreover, the court

12  concludes that the pre-tenure reviews may well reflect evidence relevant to the subject matter of

13  this litigation.  However, the Court also finds that plaintiff's discovery request for responsive

14  documents from every department of the defendant university is overbroad and unduly

15  burdensome.

16          Accordingly, with respect to plaintiff's Request For Production of Documents

17  Nos. 8, 16, 36, 37, 39, 41, 42, 43, 44, 45 and 51, defendant will be ordered to produce responsive

18  documents for the time period from April 15, 2000 through August 31, 2010, with respect to the

19  departments of Chemistry, Biological Sciences, School of Pharmacy and Health Sciences, and

20  Educational Psychology and shall include pre-tenure review documents in that production.  All

21  responses provided by defendant in this regard shall be produced subject to a stipulated

22  protective order.[2]

23  /////

24

25          [2] Counsel for the parties are forewarned that any proposed stipulated protective order
   filed with the Court may not grant the parties blanket authority to file documents under seal and
26  must comply with Local Rules 141 and 141.1.

**II.  Request For Production of Documents Nos. 11**[3]

        In this request for production plaintiff seeks all documents setting forth policies, guidelines, etc., with respect to salary increases, wages and deductions, and contributions made by defendant to faculty members for the nineteen year period from January 1, 1993 to January 1, 2012.  Defendant has produced the requested documents only for the period December 1, 2009 to August 31, 2009 but objects to any additional production.  (Doc. No. 17 at 22-24.)

        For the reasons stated above, with respect to plaintiff's Request For Production of Documents No. 11 defendant shall produce responsive documents for the time period April 15, 2000 through August 31, 2010.

**III.  Request For Production of Documents Nos. 46**[4]

        In this request for production plaintiff seeks documents related to defendant's consideration of appointing an Assistant or Associate Biochemist tenure-track candidate in the fall of 2001.  Defendant objects to the request, arguing in part that the requested documents are not relevant.  (Doc. No. 17 at 25-29.)

        The Court finds this request for production seeks documents that are potentially relevant to the subject matter of this action.  Accordingly, defendant will be ordered to produce responsive documents subject to a stipulated protective order.

/////

/////

---

[3] Although the parties' Joint Statement indicates this dispute also involves Request No. 13, defendant contends that it has already produced documents responsive to plaintiff's Request for Production of Documents No. 13 and that assertion is left completely unaddressed by plaintiff's counsel in his argument.  Accordingly, the Court will assume that there is no longer a dispute regarding plaintiff's Request No. 13.

[4] Once again, although the parties' Joint Statement indicates this discovery dispute also involves plaintiff's Request for Production No. 25, defendant contends that it has already produced documents responsive to that discovery request and that representation is left completely unaddressed by plaintiff's argument set forth in the Joint Stipulation.  Accordingly, the will again assume that there is no longer a dispute between the parties regarding plaintiff's Request for Production No. 25.

**IV.  Request For Production of Documents No. 51 (sic)**[5]

In this request for production plaintiff seeks any and all documents related to plaintiff's research, scholarly endeavors, scholarship, appointment as an Assistant Professor, etc., located in Native Format on the computers of seventeen identified individuals associated with defendant.  Defendant objects to the request for production arguing, in part, that it has searched for and is producing emails related to plaintiff's application for tenure and the termination of her employment from Donald DeRosa, the former President of the University of the Pacific, Philip Gilberton, the former Provost, Patrick Jones, the former Chair of the Chemistry Department, Robert Cox, the former Dean, Elfriede Kraka, the former Chair and Dieter Cremer, the former Chemistry Department mentor to plaintiff.  Defendants asserts that the other individuals identified in plaintiff's request for production did not hold any position or office in the University's Administration or in the Chemistry Department from 2007 through 2008.  (Doc. No. 17 at 26-28.)

The Court finds that this request for production seeks documents potentially relevant to the subject matter of this litigation action only with respect to the individuals identified by defendant.  Accordingly, defendant will be ordered to produce responsive documents to plaintiff's Request for Production No. 51 only as to Donald DeRosa, Philip Gilbertson, Patrick Jones, Robert Cox, Elfi Kraka and Dieter Cremer.  All such responses shall be produced subject to a stipulated protective order.

**V. Request For Production of Documents Nos. 26, 27, 28 and 29**

In these requests for production plaintiff seeks electronic documents and emails found in the University computers and email accounts of Heather Mayne, Ken Day, Orrin Sparkman and Larry Spreer.  Defendant objects to the requests arguing, in part, that none of the

---

[5]  Although not address by the parties in their Joint Statement, it appears that Request for Production of Documents No. 51 and Request for Production of Documents No. 51(sic) are two distinct requests and that Request for Production of Documents No 51(sic) was misnumbered.

1  individuals identified in plaintiff's request held any position or office in the University's

2  Administration or in the Chemistry Department from 2007 through 2008.  Although plaintiff's

3  argument in support of the motion to compel with respect to these requests is unclear, it appears

4  that plaintiff characterizes the referenced individuals as merely employees who had personal

5  contact with plaintiff or who were friends of Patrick Jones, the former Chair of the Chemistry

6  Department.  (Doc. No. 17 at 29-33.)  That being the case, plaintiff's argument serves to support

7  defendant's objection to the request for production.

8           The Court finds that these requests for production do not seek documents

9  potentially relevant to this litigation.  Accordingly, plaintiff's motion to compel is denied as to

10  these requests for production.

11  **VI.  Request For Production of Documents No. 48**

12           In these requests for production plaintiff seeks any and all documents describing

13  the University of the Pacific's Department of Chemistry Budget for the nineteen year period from

14  January 1, 1993 through January 1, 2012.  Defendant has agreed to search for and produce, if

15  located, the requested documents for the time period from December 1, 2002 to August 31, 2009.

16  (Doc. No. 17 at 34.)

17           For the reasons stated above with respect to plaintiff's Request For Production of

18  Documents Nos. 8, 16, 36, 37, 39, 41, 42, 43, 44, 45 and 51, the Court determines that a

19  reasonable time frame for discovery in this action is the period from April 15, 2000 through

20  August 31, 2010.  Accordingly, defendant will be ordered to produce documents responsive to

21  plaintiff's Request For Production of Documents No. 48 for the time period April 15, 2000

22  through August 31, 2010.

23  **VII.  Request For Production of Documents Nos. 34 and 45**

24           Through these requests plaintiff seeks the production of the personnel file of Elfi

25  Kraka.  Defendant objects arguing, in part, that the contents of Kraka's personnel file are

26  irrelevant to the claims set forth in plaintiff's complaint.  In response, plaintiff contends that the

1  requested documents are relevant in this action and, specifically, that she must review Kraka's

2  personnel file to defend against defendant's contention that Kraka was hired to fix the Chemistry

3  Department and that plaintiff did not like Kraka.  (Doc. No. 17 at 34-36.)  Plaintiff's argument in

4  this regard is wholly unpersuasive.

5          The Court finds plaintiff's Requests for Production Nos. 34 and 45 do not seek

6  documents that are potentially relevant to this litigation.  Accordingly, plaintiff's motion to

7  compel will be denied as to these requests for production.

8  **VIII.  <u>Request For Production of Documents Nos. 4, 6, and 15</u>**

9          In these requests plaintiff seeks documents reflecting procedures, standards,

10  guidelines, etc., for promoting faculty members, conducting pre-tenure review, conducting

11  promotions and appointments, etc., for the nineteen-year time period from January 1, 1993

12  through January 1, 2012.  Defendant has agreed to produce the requested documents only for the

13  time period from December 1, 2002 through August 31, 2009.  (Doc. No. 17 at 36-38.)

14          For the reasons stated above with respect to plaintiff's Request For Production of

15  Documents Nos. 8, 16, 36, 37, 39, 41, 42, 43, 44, 45 and 51, the Court has determined that a

16  reasonable time frame for discovery in this action is the period from April 15, 2000 through

17  August 31, 2010.  Accordingly, plaintiff's Requests for Production Nos. 4, 6 and 15defendant

18  will be ordered to produce responsive documents limited to the time period April 15, 2000

19  through August 31, 2010.

20  **IX.  <u>Request For Production of Documents No. 50</u>**

21          In this request plaintiff seeks production of the Guideline for Faculty Evaluation

22  in the College of the Pacific adopted April 1992 by the College of Pacific Council and the

23  Operations Manual and Handbook for Academic Personnel.  Defendant objects to this request

24  and refuses to search for or produce the requested documents.  (Doc. No. 17 at 36-38.)

25          The Court finds that plaintiff's Request for Production No. 50 seeks documents

26  potentially relevant to the subject matter of this action and defendant will be ordered to search for

1   and produce the requested documents, if they exist.

2   **X.  Special Interrogatories, Set One, No. 2**

3            In this contention interrogatory plaintiff asks if defendant contends that Patrick

4   Jones provided no information regarding plaintiff's promotion and tenure application.  If so, the

5   interrogatory directs the defendant to state all facts supporting the contention, identify persons

6   with knowledge of those facts and identify all documents supporting the contention.  Defendant,

7   however, answered the interrogatory by stating "no."  (Doc. No. 17 at 39-40.)

8            As drafted, plaintiff's interrogatory calls for no further response.  Accordingly,

9   plaintiff's motion to compel is denied as to this special interrogatory.

10  **XI.  Special Interrogatories, Set One, No. 3**

11           In this contention interrogatory plaintiff asks whether defendant contends that

12  plaintiff was the first choice candidate for appointment to the Biochemist position in the fall of

13  2001.  Defendant objects, arguing that the interrogatory does not seek relevant information and is

14  ambiguous.  (Doc. No. 17 at 40-41.)

15           The court agrees that plaintiff's special interrogatory No. 3 of set one is

16  ambiguous as to the term "first choice."  Plaintiff counsel's own argument in support of the

17  motion to compel with respect to this interrogatory references the opinions of Mr. Jones, the

18  University's President, as well as the Provost, the Search Committee, the faculty and the Dean

19  with respect to the 2001 appointment decision.  One is left with the obvious question - whose

20  first choice?  Accordingly, plaintiff's motion to compel is denied as to this special interrogatory.

21  **XII.  Special Interrogatories, Set One, No. 5**

22           In this contention interrogatory plaintiff asks whether defendant contends that

23  plaintiff was less qualified than one Jerry Tsai for the Biochemist position as of the date of Tsai's

24  appointment.  Defendant objects, arguing that this interrogatory is ambiguous to the point of

25  being unintelligible.  (Doc. No. 17 at 41-43.)

26  /////

1    The court again agrees that plaintiff's interrogatory is ambiguous.  According to

2 defendant, Jerry Tsai's employment with the University began in 2008, when Tsai was hired as a

3 tenure-track assistant professor.  By contrast, as of 2008, plaintiff had been employed by the

4 University for seven years, she had been evaluated for and denied tenure, and was terminated

5 following the denial of tenure.  In this regard, it is unclear how the qualifications of plaintiff and

6 Tsai could be compared for the Biochemist position as of 2008.

7    Accordingly, plaintiff's motion to compel is denied as to this special

8 interrogatory.

9 **XIII.  <u>Special Interrogatories, Set One, No. 6</u>**

10    In this interrogatory plaintiff asks why the position of Assistant Provost for

11 Faculty Development, Diversity and Special Programs was created prior to July 1, 2001.

12 Defendant objects solely on the grounds that the interrogatory seeks a response to events

13 occurring beyond the five year period that other courts in similar situations have found to be a

14 reasonable discovery period in similar actions.  (Doc. No. 17 at 43-45.)

15    Given the court's finding that the appropriate temporal scope of discovery in this

16 Title VII action is not limited to a period of five years prior to the plaintiff's termination,

17 defendant will be ordered to provide a response to this interrogatory.

18 **XIV.  <u>Special Interrogatories, Set One, No. 7</u>**

19    In this interrogatory plaintiff asks why no women were appointed to the position

20 of assistant professor by defendant prior to the appointment of one Celeste Pryor.  Defendant

21 objects, arguing that this interrogatory seeks a response to events which occurring outside the

22 five year period other courts have found to be a reasonable scope for discovery in similar actions.

23 (Doc. No. 17 at 43-45.)  More importantly, defendant represents that Celeste Pryor's appointment

24 actually occurred back in the late 1980s, twenty years before plaintiff's employment with

25 defendant even commenced.

26 /////

9

1    Defendant's objection is well-taken.  This interrogatory seeks information well

2    beyond the relevant temporal period for discovery in this action.  Accordingly, plaintiff's motion

3    to compel is denied as to Special Interrogatories, Set One, No. 7.

4    **XV.  Special Interrogatories, Set One, Nos. 8 & 14**

5    In these interrogatories plaintiff seeks the identities of defendant's employees in

6    the Doctor of Pharmacy, Doctoral in Education, Doctor of Philosophy in Chemistry and

7    Pharmaceutical Sciences, Natural Sciences, and Biology Department who sought promotion and

8    tenure for the nineteen-year time period from January 1, 1993 to January 1, 2012, and the identity

9    of all of defendant's employees who sought promotion and tenure during that same nineteen

10   period in which Robert Cox was a Dean or Interim Dean.

11   Defendant objected, but agreed to provide certain responsive information.

12   Plaintiff argues in support of the motion to compel that defendant has not provided the relevant

13   date of hire, position title or pre-tenure review decision information requested by these two

14   interrogatories.  Defendant has agreed to amend its responses to include the date of hire and

15   position title.  (Doc. No. 17 at 45-49.)

16   For the reasons state above, defendant shall supplement its responses these two

17   special interrogatories so as cover the relevant time period from April 15, 2000 through August

18   31, 2010, and shall provide the date of hire, position title and pre-tenure review decision

19   information.

20   **XVI.  Special Interrogatories, Set One, No. 15**

21   In this interrogatory plaintiff asks defendant to identify each denial of a material

22   allegation and each special or affirmative defense in defendant's pleading and with respect to

23   each to state the facts relied upon by defendant, the identities of persons with knowledge of those

24   facts identified and to identify any documents relied upon by defendant in this regard.  Defendant

25   has provided a response to this interrogatory, however, plaintiff contends that it is incomplete.

26   (Doc. No. 17 at 50-54.)

1  The Court has reviewed defendant's response to this interrogatory as drafted by

2  plaintiff's counsel and finds that response to be sufficient in light of the nature of the

3  interrogatory itself.  Accordingly, plaintiff's motion to compel a further response to this

4  interrogatory is denied.

5  **CONCLUSION**

6  Defendant shall produced the requested documents and provide the further

7  discovery responses ordered above within twenty-eight days of the date of service of this order.

8  **IT IS SO ORDERED.**

9  DATED: January 14, 2013.

10

11  _____

12  DALE A. DROZD

    UNITED STATES MAGISTRATE JUDGE

13  DAD:6

    Ddad1\orders.civil\hellmann0286.oah.122112

14

15

16

17

18

19

20

21

22

23

24

25

26