IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UTHA HELLMANN-BLUMBERG,

      Plaintiff,                      No. 2:12-cv-0286 GEB DAD

      v.

UNIVERSITY OF THE PACIFIC, a        ORDER
California Corporation,

      Defendant.

_____/

        On January 31, 2013, plaintiff's counsel filed a letter with the court, addressed to the undersigned, seeking "guidance" regarding an apparent dispute among counsel for the parties regarding the terms of a proposed stipulated protective order. It appears that counsel have been unable to agree to the terms of a proper protective order to govern discovery produced in this action despite the court's prior direction to them that they do so. Nonetheless, the court does not offer "guidance" to lawyers.

        It would be unfortunate if counsel cannot resolve their differences over this routine matter so that they are able to submit a proposed stipulated protective order that complies

/////

/////

1

with the Local Rules of this court.[1]  However, if they are unable to do so, plaintiff's counsel may file a notice of motion and motion for a protective order.  If he elects to pursue this course, plaintiff's counsel is directed to consult the Local Rules, specifically Local Rule 141.1(b) and Local Rule 251.[2]  If this matter must be resolved by the court on a noticed motion and the court determines that either party was unreasonable in failing to reach a stipulated protective order as previously directed, sanctions will be imposed.

        IT IS SO ORDERED.

DATED: February 5, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\hellmann0286.letter.ord

---

[1] The court is unable to determine from the letter submitted by plaintiff's counsel and the attachment thereto the nature of the parties' dispute regarding the terms of the stipulated protective order.  If both counsel agree that a brief telephonic conference with the court regarding that dispute would resolve the matter, counsel may jointly contact Courtroom Deputy Pete Buzo at (916) 930-4128 to arrange such a telephonic conference.  However, the court will proceed in that manner only at the request of counsel for both parties.

[2] In light of the pending deadline for compliance with the court's January 14, 2013 discovery order, (Doc. No. 21), the parties are directed to Local Rule 144(e) concerning the shortening of time.  Although the undersigned may entertain an order shortening time, under all circumstances the court expects <u>clear and concise</u> briefing in advance of any and all hearings.