IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UTHA HELLMANN-BLUMBERG,

    Plaintiff,       No. 2:12-cv-0286 TLN DAD

    v.

UNIVERSITY OF THE PACIFIC, a      ORDER
California Corporation,

    Defendant.
_____/

    This matter came before the court once again on May 10, 2013, for hearing on plaintiff's motion to compel production. (Doc. No. 27.) Attorney Jose Fuentes appeared on behalf of plaintiff Utha Hellmann-Blumberg. Attorney Linda Adler appeared telephonically on behalf of defendant University of the Pacific.

    After considering the arguments of the parties set forth in the joint statement of discovery disagreement filed May 2, 2013 (Doc. No. 44)[1] and at oral argument, plaintiff's motion to compel production is granted in part as explained below.

---

[1] As narrowed by the Joint Statement of Discovery Disagreement, the dispute at issue is now limited to plaintiff seeking of copies of defendant's "Diversity Hiring Plan (UOP01904) from January 1, 1994 to December 31, 2010" as sought by request for production number 64.

1

1  The court, upon reflection, concludes that the discovery sought by plaintiff may
2  have relevance to her claim of discrimination in defendants denial of her seeking tenure and
3  promotion and in defendant's ultimate decision to terminate her.  See Gonzalez v. Police Dept.,
4  City of San Jose, 901 F.2d 758, 761 (9th Cir. 1990) ("We agree that evidence that the employer
5  violated it's own affirmative action plan may be relevant to the question of discriminatory
6  intent."); see also Craik v. Minnesota State University Bd., 731 F.2d 465, 472 (8th Cir. 1984)
7  ("The defendants often did not abide by the plan.  They did not set goals and timetables for
8  promotion through the academic ranks, or for chair positions.  Nor did they set timetables for
9  appointing women to administrative positions."); Butler v. Home Depot, Inc., 984 F. Supp. 1257,
10 1261-62 (N.D. Cal. 1997).  Moreover, it has not been established that the defendant's "Diversity
11 Hiring Plan" which plaintiff seeks does not address the tenure review process directly at issue
12 here.

13  Engaging in the balancing required under Rule 26(b) of the Federal Rules of Civil
14 Procedure, the court does find that the scope of the production sought by plaintiff is
15 unreasonable, particularly in light of defendant's unchallenged representation that the "Diversity
16 Hiring Plan" is not electronically maintained by the University.  Accordingly, the court will limit
17 the required production to the "Diversity Hiring Plan" in effect during the five calendar years of
18 2004-2008.[2]  The court believes that a search for the University's "Diversity Hiring Plan" in
19 effect for that limited number of years does not impose an undue burden on defendant.
20 /////
21 /////
22 /////
23 /////
24  /////
25
26  [2] Plaintiff was denied tenure and promotion in 2007 and was terminated in 2008.

2

1 Accordingly, plaintiff's motion to compel production of documents (Doc. No. 27)
2 is granted in part.  Defendant shall produce to plaintiff's counsel the requested documents
3 identified above within twenty-eight days of the date of service of this order.[3]
4 **IT IS SO ORDERED.**
5 DATED: May 10, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:
Ddad1\orders.civil\hellmann0286.oah.051013

---

[3] The court notes that the discovery deadline in this action has recently been extended to August 23, 2013