UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTHA HELLMANN-BLUMBERG, | No. 12-cv-00286-TLN-DAD |
| Plaintiff, | |
| v. | **ORDER** |
| UNIVERSITY OF THE PACIFIC, a California Corporation, | |
| Defendant. | |

This matter is before the Court on Defendant University of the Pacific's ("UOP") motion to strike the supplemental expert disclosure of David O'Keefe, Ph.D. (*See* ECF No. 98.) Plaintiff Utha Hellman-Blumberg ("Plaintiff") has filed an opposition to the motion. (*See* ECF No. 114.) The Court has carefully considered UOP's motion and reply, as well as the arguments presented in Plaintiff's opposition. For the reasons set forth below, Defendant's Motion to Strike is GRANTED.

I.  FACTUAL AND PROCEDURAL BACKGROUND

On February 2, 2012, Plaintiff filed a Verified Complaint against her former employer, UOP, alleging the following: 1) gender discrimination in violation of Title VII of the

1

Civil Rights Act of 1964, 42 U.S.C, § 2000e-2(a), the California Fair Employment and Housing Act, California Government Code § 12940 *et seq.*, 12965 (d)(1); 2) breach of contract; 3) and breach of the covenant of good faith and fair dealing. (Verified Compl. for Emp't Discrimination, ECF No. 1 at ¶¶ 1, 23–36.)

The following allegations are contained within the Plaintiff's Verified Complaint: Plaintiff was employed by UOP as a tenure-track assistant professor in the Department of Chemistry from May 9, 2001, until she was denied promotion and tenure, and subsequently terminated on August 31, 2008. (ECF No. 1 at ¶¶ 7, 17.) Plaintiff states that she satisfactorily performed her work duties and met or exceeded the standards for promotion and tenure, and that the Department of Chemistry Evaluation Committee, the Chemistry Department Chair, and the UOP Promotion and Tenure Committee all recommended that she be promoted. (ECF No. 1 at ¶¶ 10, 13–15, 20.) The President of UOP, Donald DeRosa, holds the final authority to grant promotion and make appointment with tenure. (ECF No. 1 at ¶ 9.) In a letter dated April 15, 2007, DeRosa denied Plaintiff tenure and promotion. (ECF No. 1 at ¶ 16.) Plaintiff alleges that the denial was due to her gender and that DeRosa failed to implement an adequate system to regulate, monitor, and eliminate discriminatory practices at UOP. (ECF No. 1 at ¶ 16.) Plaintiff further alleges that DeRosa allowed stereotypical views about women to influence the promotion and tenure process and promoted male colleagues with similar or inferior qualifications. (ECF No. 1 ¶ at 20.)

UOP denies the allegations and has filed seventeen affirmative defenses alleging that UOP's conduct was a proper exercise of discretion and/or justified by legitimate, non-discriminatory business purposes. (Def. Univ. of the Pacific's Answer to Pl. Utha Hellman-Blumberg's Verified Compl. for Emp't Discrimination, ECF No. 8 at 2–6.)

This Court entered a Pretrial Scheduling Order requiring disclosure of expert witnesses by February 9, 2013, and disclosure of rebuttal witnesses by March 9, 2013. (ECF No. 10 at 2.) Plaintiff timely disclosed six expert witnesses, including non-retained expert David E. Keefe, Ph.D. (Pl.'s Expert Witness Disclosure, ECF No 48-3 at 2–3.) Plaintiff's disclosure stated

as follows:

> Professor Keefe was selected as Chair of the Faculty Grievance Committee at UOP to appoint an investigation hearing panel for the denial of tenure and promotion of plaintiff. Professor Keefe will testify and render an opinion that UOP's denial of tenure and promotion to plaintiff despite the unanimous recommendation in favor of tenure and promotion of plaintiff by the University's Promotion and Tenure Committee and the Chemistry Department Evaluation Committee violated the policies and procedures at UOP.

(ECF No. 48-3 at 2.) UOP did not disclose any witnesses in support of its affirmative defenses by the February 9, 2013 deadline. On the rebuttal expert deadline, March 8, 2013, UOP subsequently disclosed two rebuttal expert witnesses. (Def. Univ. of the Pacific's Disclosure of Rebuttal Expert Witnesses, ECF No. 32-1 at 1–2.) Plaintiff did not disclose any rebuttal experts at this time.

On July 25, 2013, UOP noticed Dr. Keefe's deposition to take place on August 22, 2013. On the evening of Wednesday, August 20, 2013, less than 48 hours prior to this Court's ordered close of discovery, Plaintiff filed an amended disclosure concerning Dr. Keefe. The amended disclosure states as follows:

> [Dr. Keefe] will also testify that male candidates reviewed for promotion and tenure between 2000-2007 have a lower probability of being denied promotion and tenure, while female candidates reviewed for promotion and tenure between 2000-2007 have a higher probability of being denied promotion and tenure. He will testify and render an opinion that there is a high probability that the difference in the means between male being denied tenure and female being denied tenure is not coincidental. In other words, there is a low probability that it is coincidental.

(ECF No. 100-6 at 2–3.)

UOP contends that Plaintiff's amended disclosure added an entirely new category of opinion testimony for Dr. Keefe and thus his expert opinions on employment discrimination statistical analyses be properly excluded because he was not timely disclosed as an expert witness on statistical analyses. (ECF No. 98 at 7–8.)

II.     STANDARD

Under Federal Rule of Civil Procedure 26(a)(2)(A), a party must disclose the

3

identity of any expert witness it may use at trial.  Rule 26(a)(2)(D) requires parties to make these disclosures at the time and in the sequence that the court orders.  Rule 26(a)(2)(D)(ii) states that rebuttal testimony must "solely contradict or rebut evidence on the same subject matter."  Rebuttal testimony is proper as long as it addresses the same subject matter that the initial experts address and does not introduce new arguments.  *See Perez v. State Farm Mut. Auto Ins. Co.*, No. C-06-01962, 2011 WL 8601203, at *6 (N.D. Cal. Dec. 7, 2011); *Gen. Elec. Co. v. Wilkins*, 1:10-cv-00674 LJO JLT, 2012 WL 5398407, at *2–3 (E.D. Cal. Nov. 2, 2012).  The purpose of rebuttal evidence is "to explain, repel, counteract, or disprove the evidence of the adverse party. . . ." *United States v. Delk*, 586 F.2d 513, 516 (5th Cir. 1978) (emphasis omitted) (quoting *Luttrell v. United States*, 320 F.2d 462, 464 (5th Cir. 1963)); *see also Greentree Elec.'s Corp.*, 176 NLRB 919, 927 n.24 (1969) (stating that the purpose of rebuttal is to "introduce facts and witnesses appropriate to deny, explain or discredit the facts and witnesses adduced by the opponent; but not any facts or witnesses which might appropriately have been introduced in the case in chief").

In the event that a disclosed rebuttal expert is not proper, "Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed."  *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).  Rule 37(c)(1) is a "self-executing," "automatic" sanction designed to provide a strong inducement for disclosure.  *Id.* (internal citations omitted).  Rule 37(c)(1)'s exclusion sanction is mandatory unless failure to disclosure is substantially justified or harmless.  Fed. R. Civ. Pro. 37(c)(1).

III.    ANALYSIS

The Court's Pretrial Scheduling Order required initial expert witness disclosures by February 9, 2013 and rebuttal expert witness disclosures by March 9, 2013.  (ECF No. 10 at 2.)  In response to UOP's contention that Plaintiff's amended disclosure added an entirely new category of opinion testimony for Dr. Keefe and is thus improper, Plaintiff argues that Dr. Keefe's expert opinion is proper because he is a surrebuttal expert.  (ECF No. 114 at 7.)  In

4

support of its assertion, Plaintiff has managed to find one case from a district court in Indiana allowing such disclosure. *See City of Gary v. Shafer*, 2:07-CV-56-PRC, 2009 WL 1370997 (N.D. Ind. May 13, 2009).

The Court is not persuaded by Plaintiff's argument. Although the Court's scheduling order does not address surrebuttal expert disclosure, the absence of such is not an invitation for parties to present such disclosures on the eve of the close of discovery. UOP disclosed their rebuttal experts on March 9, 2013, in compliance with the scheduling order. Plaintiff could have requested leave from this Court to disclose surrebuttal experts upon UOP's disclosure. However, Plaintiff chose not to do so. Furthermore, the case cited by Plaintiff does not support her contention that the "amended disclosure" is timely. In *City of Gary*, the district court held that Federal Rule of Civil Procedure 26 does not preclude a party from having 30 days within receiving a rebuttal expert report to file a surrebuttal report. *City of Gary v. Shafer*, 2009 WL 1370997, at *6. This Court declines to adopt this rationale at this time. However, even if this Court were to adopt the court's reasoning in *City of* Gary, Plaintiff's disclosure on August 20, 2013, was six months after UOP's rebuttal expert disclosure. Thus, Plaintiff's disclosure is grossly untimely.

Plaintiff has failed to show that her late disclosure concerning Dr. Keefe was either substantially justified or harmless. Thus, Federal Rule of Civil Procedure 37(c)(1)'s exclusion sanction is mandatory. *Goodman*, 644 F.3d at 827. As such, the Court finds that the appropriate remedy is exclusion of Dr. Keefe's testimony, both at the summary judgment stage and at trial.

Additionally, the Court notes that UOP's motion sets forth objections to Dr. Keefe's qualifications as an expert and claims that Dr. Keefe's report is grossly unreliable because he failed to include 20% of the relevant data in his calculations. (ECF No. 98 at 16–18.) Plaintiff fails to even address these arguments in her opposition. Consequently, even if Plaintiff had set forth a persuasive argument as to the timeliness of her supplemental disclosure, she has failed to oppose UOP's objections concerning Federal Rule of Evidence 702.

IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant UOP's Motion to Strike Plaintiff's supplemental disclosure of Dr. Keefe and for exclusion of any testimony by Dr. Keefe concerning the matters first disclosed in Plaintiff's supplement disclosure (ECF No. 98) is hereby GRANTED.

IT IS SO ORDERED.

Dated: February 27, 2014

Troy L. Nunley
United States District Judge